**\*\*\* NOT FOR PUBLICATION \*\*\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RONALD MONK, Individually and on Behalf of All Others Similarly Situated, | : : : : | |
| Plaintiff, | : : | Civil Action No. 10-4841 (FLW) |
| vs. | : : | **MEMORANDUM** |
| JOHNSON & JOHNSON,   WILLIAM C. WELDON,   DOMINIC J. CARUSO, COLLEEN A. GOGGINS, and PETER LUTHER, | : : : : : | **OPINION** |
| Defendants. | : : : | |

**WOLFSON,  United States District Judge:**

Presently before the Court is Plaintiff Ronald Monk's ("Plaintiff's") motion for reconsideration of this Court's December 19, 2011 Opinion and Order in which the Court granted, in part, Defendants J&J, William C. Weldon, Dominic J. Caruso, Colleen A. Goggins, and Peter Luther (collectively, "Defendants") motion to dismiss. Plaintiff specifically challenges this Court's dismissal of the Section 20(a) Exchange Act claim against Defendant William C. Weldon.  For the reasons that follow, the Court denies Plaintiff's motion for reconsideration:

1. As the facts and procedural history of this case are set forth in detail in the Court's December 19, 2011 Opinion, only a brief summary is required here.  Plaintiff filed an Amended Complaint, asserting a securities fraud claim under Rule 10b-5

against all Defendants in Count I, and a Section 20(a) claim under the Securities Exchange Act of 1934 against Defendants Weldon, Caruso, and Goggins in Count II. Defendants moved to dismiss both the Rule 10b-5 and the Section 20(a) claims against all defendants, arguing that Plaintiff failed to pled scienter with particularity as dictated by the heightened pleading standards of the Private Securities Litigation Reform Act of 1995 ("PSLRA") 15 U.S.C § 78u et seq.. On the 10b-5 claims, I granted Defendants' motion only with respect to Defendants Weldon and Luther and denied it with respect to Defendants J&J, Goggins, and Caruso, holding that Plaintiff had sufficiently pled those defendants' scienter.

2. In light of my ruling on the 10b-5 claims, I likewise held the following with respect to the Section 20(a) claims:

> "The Securities Exchange Act of 1934 Section 20(a) imposes liability on controlling persons who aid and abet violations of the Act." "Under the plain language of the statute, 'plaintiffs must prove not only that one person controlled another person, but also that the controlled person is liable under the Act. If no controlled person is liable, there can be no controlling person liability." Thus, having concluded that Plaintiff sufficiently plead scienter with respect to Defendants Goggins and Caruso, who both were allegedly directly involved in J&J's decision making processes, I conclude that Plaintiff has sufficiently alleged controlling person liability under Section 20 against those two defendants.

Opinion dated December 19, 2011 at 54 (internal citations omitted). Thereafter, I granted Defendants' motion to dismiss Weldon for whom scienter had not been sufficiently pled. See id. at 54-55.

3. Motions for reconsideration in this district are governed by Local Civil Rule

2

7.1(i).  That rule allows parties to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the initial motion.  L. Civ. R. 7.1(i).  The burden on the moving party, however, is quite high.  The movant must demonstrate either:  "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).

4.  Plaintiff argues in its motion for reconsideration that I committed clear error in ruling that Weldon could not be held liable under Section 20(a).  According to Plaintiff, "[a] Section 10b violation by a particular individual is not a prerequisite for that same individual's vicarious controlling person liability under Section 20(a)."  Pl. Open. Br. at 2.  Rather, Plaintiff argues, "to plead a Section 20(a) claim in this District, a plaintiff must simply 'plead facts showing: (1) an underlying violation by the company; and (2) circumstances establishing defendant's control over the company's actions[, i.e., control person status]."  Id. (citing Jones v. Intelli-Check, Inc., 274 F. Supp. 2d 615, 644-45 (D.N.J. 2003)).  Citing to this two-part test, Plaintiff then argues that I inappropriately required him to pled a third element—culpable participation—in contravention of my prior decision in Jones v. Intelli-Check, Inc., supra.  In Jones, a 2003 decision, I held that "culpable participation does not have to be plead in order to survive a motion to dismiss."  Id. at 645.

5.  By arguing that I imposed a culpable participation pleading requirement, Plaintiff appears to conflate culpable participation with scienter.  As illustrated by the quote from my December 19, 2011 opinion, I granted Defendants' motion based on a

3

failure to plead scienter—not a failure to plead culpable participation. Moreover, culpable participation and scienter are distinct concepts. To see this, consider the <u>Jones</u> decision relied upon by Plaintiff. In <u>Jones</u>, I reasoned that "[w]hile plaintiffs will have to prove culpable participation at trial, the 'overwhelming trend in this circuit' is that culpable participation does not have to be plead in order to survive a motion to dismiss." 274 F.Supp.2d at 645.[1] Thereafter, in a separately-designated subsection of the <u>Jones</u> opinion, I go on to address scienter, noting: "In addition to pleading control person status for purposes of Section 20(a), plaintiffs must also raise a strong inference that each individual defendant acted with scienter, as required by the PSLRA." <u>Id.</u> at 646. Thus, <u>Jones</u> makes clear that scienter and culpable participation are not one and the same. Accordingly, as I ruled only on scienter grounds in the case at bar, I reject Plaintiff's contention that my December 19th ruling imposed a culpable participation pleading requirement. This means that Plaintiff has also failed to demonstrate that my December 19th ruling suffers from a clear error of law.

6. I further note that, to the extent Plaintiff argues that he need not plead scienter, he has not cited any binding authority for the proposition that the PSLRA's scienter requirement does not apply to Section 20(a) claims. Contrary to any such

---

[1] The Court notes that since <u>Jones</u> was decided in 2003, a split among district court decisions in the Third Circuit has evolved on this precise issue. Some courts continue to hold that culpable participation need not be pled, but must be proven at trial. Others hold that it must be pled in order to withstand a motion to dismiss. <u>See</u> <u>In re Am. Bus. Fin. Servs., Litig.</u>, No. 05-232, 2007 WL 81937 at *11 (E.D. Pa. Jan. 9, 2007) ("Courts in this Circuit have split over whether culpable participation must be pled in the complaint.").

suggestion, recent district court decisions in this circuit continue to require that plaintiff plead scienter.  See, e.g., In re Heckmann Corp. Securities Litigation, No. 10-378-LPS-MPT, 2011 WL 2413999, *12-13 (D.Del. Jun. 16, 2011); Snowstorm Acquisition Corp. v. Tecumseh Products Co., 739 F.Supp.2d 686, 707 (D.Del. 2010) ("the heightened standard of the PSLRA requires that a claim under § 20(a) state with particularity the circumstances of both the [defendant's] control of the primary violator, as well as of the [defendant's] culpability as [a] controlling person ....") (quoting  In re Digital Island Sec. Litig., 223 F.Supp.2d 546, 561 (D.Del. 2002), aff'd, 357 F.3d 322 (3d Cir. 2004)); In re Par Pharmaceutical Securities Litig., No. 06-cv-3226, 2009 WL 3234273, *1 (D.N.J. Sept. 30, 2009); S.E.C. v. Pasternak, 561 F.Supp.2d 459, 502 (D.N.J. 2008).  See also In re Initial Pub. Offering Sec. Litig., 241 F.Supp.2d 281, 392–93 n. 179 (S.D.N.Y. 2003) (noting that the Third and Fourth Circuits have upheld the scienter requirement under Section 20(a), although six Courts of Appeals have rejected that requirement).  Moreover, Plaintiff has not argued that the Court should reconsider its analysis of the scienter allegations pled against Weldon.

7.  Because Plaintiff has not demonstrated a clear error of law, or any other basis for reconsideration, Plaintiff's motion for reconsideration is DENIED.


Dated: May 22, 2012


 /s/  Freda L. Wolfson
Hon. Freda L. Wolfson, U.S.D.J.