RECEIVED
JUN - 8 2012
AT 8:30_____
WILLIAM T. WALSH, M
CLERK

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD MONK, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>JOHNSON & JOHNSON, WILLIAM C. WELDON, DOMINIC J. CARUSO, COLLEEN A. GOGGINS, and PETER LUTHER,<br><br>Defendants. | Civil Action No. 10-04841(FLW)(DEA)<br><br><br>**DISCOVERY<br>CONFIDENTIALITY ORDER** |

WHEREAS during the course of this action (the "Litigation"), the parties and certain non-parties may be subject to discovery requests and/or proceedings that seek the disclosure of information that the party or non-party to whom the request is directed considers to be confidential and/or proprietary; and

WHEREAS the parties wish to preserve the confidentiality of such information through the use of a Discovery Confidentiality Order; and

WHEREAS for the reasons set forth in the accompanying Declarations of Norv P. McAndrew and Lindsey H. Taylor, which are incorporated herein, the parties have a legitimate interest in maintaining the confidentiality of the categories of confidential and/or proprietary information that the parties may exchange, and will suffer immediate and serious injury if the confidentiality of such information is not maintained;

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties, subject to the approval of the Court, that the following Order shall govern the handling of documents, depositions, deposition exhibits, information or things disclosed or produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and any other information or material, and the contents thereof,

produced, given, or exchanged by and among the parties and any non-parties to this Litigation (whether by formal process, agreement or otherwise) (together, "Discovery Materials") in connection with discovery in the Litigation; and good cause appearing for the entry of this Discovery Confidentiality Order,

IT IS THIS 8th day of June, 2012

ORDERED as follows:

1. Any party to this Litigation (which, in the case of Johnson & Johnson, shall include its past and present subsidiaries and affiliates) and any non-party shall have the right to designate as "Confidential" and subject to this Order any Discovery Materials that contain (a) trade secrets, competitively sensitive technical, marketing, financial, sales, or other confidential business information; (b) private or confidential personal information; (c) information received in confidence from third parties; or (d) other material that the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3.

2. A producing party shall designate information as "Confidential" only upon the good faith belief that the information is subject to protection. Confidential Discovery Materials shall also include any documents or materials generated by or for a receiving party that summarize, analyze, reflect, disclose, or otherwise contain information designated by a producing party as Confidential.

3. Any party to this Litigation or any non-party covered by this Order that produces or discloses any Confidential Discovery Materials shall stamp or otherwise mark each page with the following legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential"), (or otherwise stamp or mark the produced documents in a similar manner to the extent practicable). When

Confidential Discovery Materials are produced in a form not appropriate for such stamping or marking, the materials shall be designated in writing as Confidential at the time produced. Documents generated by or for a receiving party that are delivered to "Qualified Persons" (as defined in paragraph 4) and contain, discuss, summarize, or reflect Confidential information shall be so stamped or marked by the party or person generating the document. Confidential information shall, without the necessity of further designation, remain confidential and shall not be disclosed in any fashion, nor be used for any purpose other than the preparation for and trial of this action as provided for herein.

4. In the absence of written permission from the disclosing party or an order of the Court, material designated as "Confidential" may be disclosed only to "Qualified Persons," which shall mean and refer to:

  a. Outside counsel (defined as any attorney at the parties' outside law firms), and secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing whose duties and responsibilities require access to such materials;

  b. Outside experts or consultants retained by outside counsel for purposes of this Litigation, and secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing whose duties and responsibilities require access to such materials, provided that the experts or consultants have signed a Certification in the form attached hereto as Exhibit A; and provided that any part of a report or other submission created by such expert or consultant relying on or incorporating Confidential material, in whole or in part, shall be designated Confidential by the party responsible for its creation; and provided further that the expert or consultant may not use any material designated as Confidential to their competitive advantage or for any purpose other than relating to the above-captioned actions;

  c. Any mediator engaged by the parties to this matter or appointed by the Court;

  d. The Court and Court personnel, including any district courts and any appellate courts in which the Litigation is or may be pending;

  e. Any deponent or witness may be shown or examined on any information, document or thing designated Confidential if the deponent or witness signs a non-disclosure agreement in the form attached hereto as Exhibit A,

                unless the deponent or witness is otherwise a Qualified Person under this paragraph or if it appears that the deponent or witness authored or received a copy of it, was personally involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

    f.    Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to, court reporters, videographers, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

    g.    Relevant in-house counsel for the parties, and secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing whose duties and responsibilities require access to such materials;

    h.    The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives, officers, directors, and employees who are participating in decisions with reference to this lawsuit, who participated in the subject matter of this lawsuit or who are assisting counsel in the representation of a party in this action. In the case of Johnson & Johnson, "party" shall include its past and present subsidiaries and affiliates.

5. Confidential Discovery Materials and copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure. The foregoing notwithstanding, there shall be no restrictions on the use of Confidential Discovery Materials by the party producing such materials.

6. Except as otherwise authorized by this Order, all Discovery Materials (other than publicly available Discovery Materials) whether or not designated as or qualifying as Confidential Materials shall be used by the receiving party solely for purposes of the prosecution or defense of this Litigation and for no other purposes whatsoever absent written agreement by the producing party and an order of the Court permitting that the information or documents may

be used for some other litigation or purpose. All Confidential Discovery Materials shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential Discovery Materials, provided that such advice and opinions shall not reveal the content of such Confidential Discovery Materials except by prior written agreement of counsel for the parties, or by Order of the Court, or as otherwise permitted by the Order.

7.  In the event that any question is asked at a deposition that calls for the disclosure of Confidential information, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are Qualified Persons. Deposition testimony may be designated as Confidential information following the testimony having been given provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within thirty (30) days after receipt by the designating party of the respective deposition transcript. All deposition transcripts in their entirety shall be treated in the interim as Confidential pursuant to Paragraphs 1-5 above. When Confidential information is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Order, and shall arrange for any testimony referencing Confidential information to be printed in a separate transcript.

8.  If a deponent refuses to execute a Certification in the form attached hereto as Exhibit A and is not otherwise a Qualified Person, disclosure of Confidential information during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the

witness shall be requested to sign the original deposition transcript in the presence of the court reporter or a representative of the court reporter who transcribed the transcript, and no copy of the transcript or exhibits shall be given to the deponent.

9. Any request to seal information submitted to the Court in connection with a motion or other request for judicial relief shall be submitted by formal motion in accordance with L. Civ. R. 5.3. The designation of materials as Confidential under this Order alone is not a sufficient basis to seal.

10. The confidentiality designation of any information or documents marked Confidential and offered into evidence during any proceedings before this Court, or otherwise disclosed to the Court, shall be determined by the Court, notwithstanding any provisions of this Discovery Confidentiality Order to the contrary. The continued confidentiality of any Confidential information or documents offered into evidence at trial or any other evidentiary hearing before the Court shall be determined by the Court at such time.

11. In the event that any party is served with an order, subpoena, discovery, or other legal process calling for the disclosure of any Discovery Materials that a producing party has designated as Confidential, the party receiving such legal process shall, unless barred by law or contract, give prompt notice to the producing party in order to allow the producing party to respond to such request. The receiving party shall not be obligated to quash, seek a protective order, or otherwise object to the order, subpoena, or other legal process. Nothing herein shall prevent the receiving party from timely complying with a subpoena served by a governmental entity or court.

12. Each Qualified Person agrees to submit to the jurisdiction of this Court for the purpose of enforcement of this Confidentiality Order, either prior to or following the completion of this Litigation. Jurisdiction of this Litigation is to be retained by this Court after final

determination for purposes of enabling any party or person affected by this Confidentiality Order to apply to the Court at any time for such direction or further decree as may be appropriate for the construction or enforcement of this Confidentiality Order.

13. If counsel for a party receiving Discovery Materials designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Counsel for the objecting party shall serve on the designating party or non-party a written objection to the designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or non-party shall respond in writing to the objection within fourteen (14) days, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or non-party makes a timely response to the objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b) If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, any party may present the dispute to the Court in compliance with L. Civ. R. 37.1(a)(1). The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute. An objecting party's failure to assert an objection or present any dispute over designation to the Court at any time prior to the trial of this Litigation shall not be considered or construed to be a waiver of the objections or evidence of estoppel or laches, subject to any Court-ordered deadline to the contrary.

(c) Notwithstanding the foregoing, any party that wishes to object to a Confidential designation of a document or other item of information must do so at least sixty (60) days before the trial of this Litigation.

14. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document, or thing as Confidential under this Discovery Confidentiality Order and shall be effective as of the date the notice is received.

15. When the inadvertent or mistaken disclosure of any information, document, or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Fed.R.Civ.P. 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document, or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

16. No information that is in the public domain, that is already known by the receiving party through proper means, or that is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential under this Discovery Confidentiality Order, regardless of any Confidential designation by the producing party.

17. This Agreement shall be without prejudice to the right of any party to oppose production of any information or to object to its admissibility into evidence. This Discovery Confidentiality Order shall not deprive any party of its right to request discovery from any other party or to object to discovery by any other party on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms for good cause shown.

18. When any counsel of record in this Litigation, any attorney engaged in the Litigation, or any person who has executed a Certification in the form attached hereto as Exhibit A receives actual knowledge of a violation of this Agreement, or of facts constituting good cause to believe that a violation of this Agreement has occurred, such attorney or party shall meet and confer with the parties to this Agreement and, if the parties are unable to resolve the matter, shall report that there may have been a violation of this Agreement to the Court and all counsel of record.

19. Upon final conclusion of this Litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to destroy or return to the originating source all originals and unmarked copies of documents and things containing Confidential material and to destroy, should such source so request, all copies of Confidential material that contain and/or constitute attorney work product as well as excerpts, summaries, and digests revealing Confidential material; provided, however, that counsel may retain complete

copies of all attorney work product and transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Discovery Confidentiality Order.

_____
DOUGLAS E. ARPERT, U.S.M.J.

- Unopposed / consent

EXHIBIT A

| | |
|---|---|
| RONALD MONK, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>JOHNSON & JOHNSON, WILLIAM C. WELDON, DOMINIC J. CARUSO, COLLEEN A. GOGGINS, and PETER LUTHER,<br><br>                Defendants. | Civil Action No. 10-04841(FLW)(DEA) |

## CERTIFICATION TO AGREE TO TERMS
## OF DISCOVERY CONFIDENTIALITY ORDER

In consideration of the disclosure to me of information that is subject to a Discovery Confidentiality Order in this action, I agree as follows:

    1.    I have read the Discovery Confidentiality Order in this action and I agree to be bound by its terms.

    2.    I understand that if I violate the terms of this Discovery Confidentiality Order, I may be subject to an enforcement proceeding before the District Court, District Court of New Jersey.

    3.    I agree to submit myself to the personal jurisdiction of the District Court, District Court of New Jersey in connection with any proceeding concerning the Discovery Confidentiality Order.

Dated _____, 201\_

                                                By: _____

                                                Printed Name: _____