UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD MONK, et al., | : Civil Action No. 10-4841 (FLW) |
| Plaintiffs, | : |
| v. | : MEMORANDUM OPINION |
| | : AND ORDER |
| JOHNSON & JOHNSON, et al., | : |
| Defendants. | : |

This matter comes before the Court on Defendants' informal application to stay all discovery in this putative class action while Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint is pending.

I.  RELEVANT PROCEDURAL HISTORY

This action was commenced on September 21, 2010.  An Amended Complaint was filed on March 11, 2011.  On May 27, 2011, Defendants moved to Dismiss Plaintiffs' Amended Complaint.  On December 19, 2011, U.S. District Court Judge Freda L. Wolfson dismissed Plaintiffs' claims against two of four individual defendants and narrowed the claims against the remaining defendants to three alleged misrepresentations.[1]  On May 22, 2012, Judge Wolfson denied Plaintiffs' Motion for Reconsideration.  On August 31, 2012, Plaintiffs were granted leave to file a Second Amended Complaint.  Plaintiff's Second Amended Complaint was filed on

---

[1] The Plaintiffs' factual allegations are well-known to the Parties and the Court and, for purposes of this application, need not be repeated here.

September 7, 2012 and contains additional claims against Defendants.

On September 27, 2012, Defendants moved to dismiss all of the claims in the Second Amended Complaint except those related to Defendant Caruso's April 20, 2010 conference call concerning the "Motrin Retrieval." Plaintiffs have opposed Defendants' Motion.

Subsequent to the filing of Defendants' Motion to Dismiss, as well as the submission of the instant application, the Parties engaged services of a private mediator. In a letter to the Court dated October 29, 2012, at the behest of the Parties, the mediator requested that the Court defer any decision on either Defendants' Motion to Dismiss or this application to stay discovery. On November 5, 2012, the Court granted the Mediator's request.

During a telephone conference with the undersigned on December 10, 2012, counsel reported that their mediation efforts had been unsuccessful and sought to reinstate Defendants' Motion and application to the Court's docket. On January 22, 2013, the Court conducted oral argument on Defendants' application to stay discovery. Defendants' Motion to Dismiss the Second Amended Complaint is presently returnable before Judge Wolfson on March 20, 2013.

II. ARGUMENT

Defendants maintain that the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4, requires that the Court stay "all discovery ... during the pendency of any motion to dismiss[.]" 15 U.S.C. § 78u-4(b)(3)(B). Further, Defendants argue, the PSLRA "does not distinguish between first or second motions to dismiss, or between motions to dismiss some or all claims in a complaint ...." See Letter to the Court, dated October 5, 2012, from C. William Phillips, Esq. at pg. 1.

In their pending Motion, Defendants have moved to dismiss the newly asserted claims

contained in Plaintiffs' Second Amended Complaint as well as two of the three claims which "survived" Defendants' previous Motion to Dismiss.  According to Defendants, all of these claims "are closely related" and a stay would permit Defendants to avoid duplicative if not unnecessary discovery.

Although Plaintiffs acknowledge that the stay provisions of the PSLRA apply to discovery with respect to any newly added claims, "the concern Congress had in passing the PSLRA stay provision - fishing expeditions and meritless securities fraud suits - are not implicated where the claims have been sustained."  <u>See</u> Letter to the Court, dated October 12, 2012, from James E. Cecchi, Esq. at pg. 2.  Therefore, Plaintiffs argue, Defendants' application should be denied with respect to the claims which were the subject of Defendants' previous motion.  Otherwise, Plaintiffs maintain, they will suffer undue prejudice.

III.   ANALYSIS

The PSLRA discovery stay provision states:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motions to dismiss unless the Court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B).

The Court has considered the several cases cited by counsel and finds in the absence of any controlling Third Circuit authority, the rationale set forth in <u>In Re Smith Barney Transfer Agent Litigation</u>, 2012 WL 1438241 (S.D.N.Y. 2012), compelling.  Specifically, "[i]n view of the PSLRA's expansive language, the 'weight of authority' holds that discovery must be stayed pending all motions to dismiss, even if an earlier motion to dismiss failed." <u>Id</u>. at *2  (citations

omitted).

With reference to the exceptions to the stay provisions, Plaintiffs argue that the imposition of the stay will result in further delay of discovery thereby causing undue prejudice to Plaintiffs. The Court finds Plaintiffs' argument unavailing. "[M]ere delay does not constitute undue prejudice, because delay is an inherent part of every stay of discovery required by the PSLRA." Id.

In addition to what the Court believes are the clear requirements of the PSLRA stay provisions, the Court notes that it possess the "inherent authority" to impose a stay of these proceedings. It is well-settled that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936).In the circumstances presented both the newly asserted and previously pled claims relate to the same basic events. Permitting discovery to proceed with respect to the latter while imposing a stay as to the former, will undoubtedly cause confusion and conflict over the permissible scope of discovery.

IV.     CONCLUSION & ORDER

For the reasons stated herein,

IT IS on this 5th day of February, 2013,

ORDERED that Defendants' application to stay all discovery in this action pending the outcome of Defendants' Motion to Dismiss the Plaintiffs' Second Amended Complaint is GRANTED.

*s/ Douglas E. Arpert*
DOUGLAS E. ARPERT
United States Magistrate Judge
