# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD MONK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>vs.<br><br>JOHNSON & JOHNSON, WILLIAM C. WELDON, DOMINIC J. CARUSO, COLLEEN A. GOGGINS and PETER LUTHER,<br><br>Defendants. | Civil Action No. 10-4841 (FLW) (DEA)<br><br><br>**ORDER AWARDING ATTORNEYS' FEES AND EXPENSES** |

THIS MATTER having come before the Court for hearing on November 14, 2013 (the "Final Approval Hearing") on Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and the Court having considered all matters submitted to it at the Final Approval Hearing and otherwise; and it appearing that notice of the Final Approval Hearing substantially in the form approved by the Court was mailed to all Class Members who could be identified with reasonable effort, except those persons or entities excluded from the definition of the Class, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested, and for the reasons set forth on the record on November 14, 2013.

IT IS THIS 21st day of November, 2013,

ORDERED as follows:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated July 15, 2013 (Dkt. Entry 111-2) (the "Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

RECEIVED
NOV 21 2013
AT 8:30_____M
WILLIAM T. WALSH CLERK

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Class Members.

3. Notice of Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for attorneys' fees and reimbursement of Litigation Expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934 as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(a)(7), the United States Constitution, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Lead Counsel is hereby awarded attorneys' fees in the amount of 20% of the Settlement Fund ($4,580,000), which sum the Court finds to be fair and reasonable, and $361,447.44 in reimbursement of Litigation Expenses, plus interest earned on this amount at the same rate as the Settlement Fund. The foregoing fees and expenses shall be paid from the Settlement Fund in accordance with the terms of the Stipulation.

5. In making this award of attorneys' fees and reimbursement of Litigation Expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $22,900,000 in cash that has been funded into an escrow account pursuant to the terms of the Stipulation, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(b)   The fee sought by Lead Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiff, a sophisticated institutional investor that was actively involved in the prosecution and resolution of the Action;

(c)   Copies of the Notice were mailed to over 2.1 million potential Class Members or their nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 20% of the Settlement Fund and reimbursement of Litigation Expenses paid or incurred by Plaintiffs' Counsel in connection with the prosecution and resolution of the Action in an amount not to exceed $450,000, plus interest. There were four objections to the requested award of attorneys' fees. The Court has considered each of the objections and found them to be without merit;

(d)   Lead Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(e)   The Action involves complex factual and legal issues and was actively prosecuted for over two years;

(f)   Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the other members of the Class may have recovered less or nothing from the Defendants;

(g)   Plaintiffs' Counsel devoted over 8,900 hours, with a lodestar value of $3,959,113.25, to achieve the Settlement; and

(h)   The amount of attorneys' fees awarded and Litigation Expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

7. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

8. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

9. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

_____
FREDA L. WOLFSON, U.S.D.J.